WOOD, Circuit Judge,
dissenting.
I regret that I cannot join my colleagues’ assessment of the district court’s decision to permit Juror 31 to sit on the jury that heard William Allen’s case. As the court’s opinion recounts, over and over again Juror 31 candidly admitted that it would be difficult for her to be fair, given her vivid recollection of the attempted kidnapping of her own daughter some years earlier. Although the majority suggests that this event was unrelated to the child pornography charges involved in Allen’s case, ante at 6, Juror 31 herself saw a close link between the two situations and properly alerted the judge to her views. On its face, this reveals the kind of inability to be neutral that has always been understood to require the dismissal of a juror. See, e.g., Reynolds v. United States, 98 U.S. 145, 155, 25 L.Ed. 244 (1878) (removal of a juror is appropriate if “a juror has formed an opinion as to the issue to be tried”). If a court mistakenly seats a juror who should have been struck for cause, the error is a structural one, and a new trial is required. Gray v. Mississippi, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987).
Two aspects of the record reinforce my view that Allen is entitled to a new trial under these principles. First, Juror 31 never offered an unequivocal assertion of impartiality. See Thompson v. Altheimer & Gray, 248 F.3d 621, 627 (7th Cir.2001). The best she could manage was the statement that she “would give [Allen] the benefit of the doubt until everything is presented .... ” “The benefit of the doubt” is not the same thing as impartiality — why *468 should the government want a trial before a juror who has put a thumb on the defendant’s side of the scale, if that is what she meant — -and if the juror’s statement is understood as an attempt at promising to hold the government to its burden of persuasion, it states an impermissibly lenient standard. “The benefit of the doubt,” after all, is quite different from “proof beyond a reasonable doubt.” In re Winship, 397 U.S. 358, 361-64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Second, Juror 31’s offer to give Allen the benefit of the doubt occurred only after the court had misleadingly told her that “there [was] not anything wrong with [the kidnapping attempt] having an impact” on her perception of Allen’s case. But there is everything wrong with that. ' Her duty, as a juror, was to approach Allen’s case without any predisposition. Allen has a right to a jury that did not include people who might, because they consider child abusers especially heinous, vote to convict Allen just because the evidence showed that someone was involved with child pornography.
For these reasons, I respectfully dissent.